The District Court erred when it ruled it could not consider the full effect of Amendment 821 on the... Can you just keep it up a little bit and just speak across the room here? My apologies, is this better? You can just sort of yell it. I don't know if some significant other caused you a lot of grief. You can talk to him loudly. The District Court erred when it declined to consider the full effect of Amendment 821 on Ms. Barrett's revised sentencing guidelines. So just to cut it short, if I understand correctly, there was a guideline that changed the status so that there was only one number, one count from two on the offense level, and as a result, you fell into the one count and the safety valve then became applicable. Broadly speaking, so... And the safety valve was never considered. Right. So the guidelines changed Ms. Barrett's criminal history category. Criminal history category, right. Excuse me. It moves it from two to one. Yes. And the District Court ruled it could consider the criminal history category, and all parties agree that she was eligible to have that reduced. But by effect of changing her criminal history category, it removed the only impediment to her receiving the two-level reduction under safety valve. The District Court ruled that it couldn't consider that, and the plain text of 1B.110, which is the guideline governing retroactivity, as well as the cases interpreting that, make it clear that the District Court has to consider application decisions affected by the amendment, and this is an application decision affected by the amendment. So looking at 1B.110, it says that... Can I ask you a... I want to make sure I understand your position at the outset. So your view is the District Court erred in not looking at the safety valve provision, and you want us to send it back and tell the District Court to apply the safety valve provision, and I'm picking up from your brief, but I want you to tell me if this is right or not. Based on the record that is already before it, or do you want us to say, if you need to, you can have an evidentiary hearing and find additional facts? Your Honor, I think that what precedent compels... Well, it doesn't compel this court, because this court hasn't ruled, but looking broadly at the way courts have approached this, and what this court has said regarding other evidentiary issues in Peters, is that it has to be consistent with the prior guideline decisions and supported by the record. The existing record? Yes. You don't think the District Court can find additional facts if necessary? I think the District Court can find additional facts... I'm sorry, could not take in additional facts, get additional factual representations made to it? I don't think the District Court needs to in this case, but I think that to answer your question, I think that that would be approaching more of a full resentencing, which... Just because a District Court has perhaps a short evidentiary hearing, you think that makes it a full resentencing? There are a couple of circuits that have said, no, absolutely not, of course you can have an evidentiary hearing. And I think maybe the real answer to this question is that the District Court has to determine whether it needs a full evidentiary hearing. Yeah, that's what a bunch of circuits say. And I think the District Court certainly has the discretion, but I think that the question of whether it's mandatory is maybe something within the District Court's consideration of that. Did the District Court consider any of the factors, the safety valve factors? At her initial sentencing? No, because she was not, she was plainly not eligible because of the . . . But it didn't, in passing, didn't say, you qualify except for this? No. So your argument would be the court would have to at least conduct a proceeding to determine the applicability of safety valve? The court can determine the applicability of safety valve based merely on the facts already in the pre-sentence report and in the record. They don't actually need to conduct a proceeding in this case. The court can simply find those facts based on what it already has in front of it. So looking at . . . Well, let me ask you this then. Under the safety valve, that opens up other possibilities. Actually can't the court, if it finds safety valve, go below the mandatory minimum? It could. Now, that's not what we're asking for here, but I think that Amendment 821 is about the pre-sentencing guidelines, and so that is really why we are here. The impact that Amendment 821 has on Ms. Barrett's guidelines, so this is a purely guidelines question. It is, but I'm trying to figure out, and I'm actually following up on Judge Harris's question, that is, if you were to succeed with your argument here, what's the appropriate remedy? I'm just wondering, how do we give a limited remand? Wouldn't a re-sentencing be needed? I think the district court . . . Excuse me. I think this court can simply direct the court to consider the full extent of Amendment 821, and so recognize that the district court can consider safety valve, and then that it can take, it can consider any, conduct any proceeding that it needs to, to determine the amended guideline range as required under 1B110. Our position is that the district court can do that on the papers, and on the record that's already in the case. Now, with respect to what you're getting about, as I understand, about the impact on Ms. Barrett's mandatory minimum, what we actually . . . Well, that doesn't seem to have been raised, but I was just raising it in the scope of what we give, and clearly the amendment didn't want a whole re-sentencing, I don't think. The idea of reopening sentences is a dicey thing, and we shouldn't be having the judge reassess other sentencing guidelines issues. Absolutely. And so, okay, I think I understand what you're saying. Thank you, Your Honor. So, yeah, absolutely not. The court would not be reconsidering any guidelines issues other than those affected by Amendment 821. Yeah, you're relying on the word effective, which would tie in the scope of the court's review. Yes, and that is from the Supreme Court's case in Dillon, where they rule that things that Dillon sought to correct that were not affected by that retroactive amendment were outside the scope of 3582C2. This court in counts similarly recognized that it couldn't reconsider any application decisions except for those affected by the applicable guidelines amendment. This plainly is affected by the applicable guidelines amendment. By changing Ms. Barrett's criminal history category plainly changes the applicability of this reduction to her. And so, and the court obviously does have the ability to conduct additional fact-finding as to this. Is that it? It is. Thank you, Your Honor. Okay, thank you. We'll hear from Ms. Brockhorst. Good afternoon, Your Honors. Your Honors, the plain language of the Sentencing Commission's policy statement should control here. The district court did what it was directed to do, which was do no more than substitute the amended guideline provision for the corresponding guideline provision that was applied at the time the defendant was sentenced, and that's actually the quote from 1B1.10. Part A of Amendment 821 amends only one subsection of the guideline book, which is 4A1.1, which is one of the sections that is used to compute criminal history, not offense level. And thus, the only permissible reduction is to the offense level. And you would say that even if there were no need for, I'm trying to figure out how much of your argument is about the fact-finding and how much is about the terms of this policy statement. You would say this, imagine for a minute that the safety valve only has one provision, it's only one factor, and it's how many criminal history points you have. And as a result of this amendment, this defendant suddenly becomes eligible and there's no other fact-finding to do, it's purely automatic. You would still say it doesn't apply retroactively? I think that if there were such a provision, that it would apply retroactively. Okay, so this is all about the fact-finding. Because, but, because- So it doesn't matter that it's indirectly, that it goes, you know, it changes your offense level, or I'm sorry, your criminal history level, and then because of that, there's a corresponding change over on the offense level side. I don't think I would go that far, and this is the reason why. There is no, I could not find a single guideline provision- I know, I'm asking you to imagine one hypothetically. If they had ever written one like that, then I think that when they change the criminal history score, then it would also change the offense level. Okay, so what's different about this case is that you have to do the fact-finding? Yes. And what's different about- You have five factors, right? Yes. One of them is the criminal history level. If the other four were undisputed, would that change the calculus? I think if the other four were undisputed in that they were tied specifically to the application of another guideline, so that you look at the guideline, the offense level calculations, and it's either there or it isn't, then really, in essence, there's no fact-finding, there's no issue, and you could be comfortable that the sentencing commission knew it was going to affect that guideline. There are, in response to your previous question, Judge Harris, there are no provisions in the sentencing guideline manual that I could find at all that affect the offense level only because of the criminal history score. Yeah, I'm sure. There is another provision- There are all those cases, and all the cases that your colleague cites, and now there's that new one from the Seventh Circuit, but just the ones where, and I'm not going to be able to explain it right because it's been a long day, but your offense level changes, and suddenly, you become eligible for sentencing as a career offender, even though there's been no amendment to the career offender provision. You say those are all fine because they don't require fact-finding. Those are all fine because those facts were already found at sentencing. Well, that's where I was going to, in this case, if the record demonstrates without dispute these four other factors. I don't know if there's an issue about any of those four factors other than the one we're talking about. I'm wondering whether there's a difference in a case where we're presented and the record is absolutely clear as to the four, as opposed to where the court would then have to do some additional fact-finding. Under the safety belt provision, I don't think there could be such a case. If there were another hypothetical provision that said if you only have one criminal history point or zero criminal history points, and these other guideline provisions do not apply, similar to the way Part B of 821 looks, that you're primarily just looking to see did they apply this guideline or not, then all of the facts were found already. Those guideline determinations were, in fact, made. Then it would make sense, and it would be clear under what the Sentencing Commission intended that you would be changing the offense level as well as the criminal history category. But always, in every case, necessarily under the safety belt provision, the court is going to have to look beyond what was explicitly and implicitly found in the offense level calculations to determine if it applies. Even if acceptance of responsibility were granted, that is not the same as asking the government, did the defendant tell you everything that they know? We already held in Peters that, look, because something is retroactive, a court is required to make some additional fact findings. That's fine. In fact, it's necessary. But there's a very big distinction there. Because in Peters, and in all of those lines of cases involving determining what the actual drug weight is, it is determining whether the amended guideline itself is applied. So the Sentencing Commission amends 2D1.1, and the court needs to determine where in the new drug table does the defendant fall. So they can't determine it because these cases are unique, right? I'm so sorry, but I feel like we keep bopping back and forth. I don't understand. Let me tell you the way I sort of think about it. I read, and you tell me where we disagree. So I read this policy statement to say that you're supposed to figure out what range would have been applicable if the amendment had applied. And to determine a range, and there's a whole section on what it means to determine a range, you go through all seven steps. You look at the criminal history, you look at the offense level, you put it all together, you get a guideline range. So as I read this, it seems pretty obvious that you're supposed to at least look at the safety valve provision. And then I think, well, we've already said if something is retroactive and that retroactivity requires, applying it retroactively requires making additional fact findings, then I guess that's what the district court can do. And I'm trying to figure out whether you disagree more, you probably disagree with both parts, but is our primary difference in how we are reading B, or is it in my assumption that district courts can find facts? Where are we going in separate directions here? So I think the difference is, I would say, that the times when the court can find facts are very narrow. So it's about the fact finding. It's about, okay. There's two exceptions. And I don't get that, because Dillon itself says, first of all, you can't have a plenary resentencing, and second of all, district courts will find facts, and that won't be a problem under, now I can't remember the line of cases, but that's not a problem. It's all right for district courts to make that kind of fact, because it won't be, yeah, you know what I'm saying. Yes. But the kind of facts that Dillon authorizes the court to make is to determine if the amended guideline that the sentencing committee, the sentencing commission clearly intended this fact to be made, because you have to figure out if this guideline applies. The sentencing commission did not amend the safety valve provision, and it did not amend 2D1.1B17 or 18, depending which year you are. So if, let me, this is my last chance, and then I will be quiet. If the district court had not amended the criminal history section, if it had instead amended the safety valve provision, and it had changed the first one, so it said, so long as you don't have more than five criminal history points, you are eligible. And it said that applies retroactively. So then this defendant comes in and says, good news, I only have one, one, two, three, whatever it is. But I'm under that limit. I would like to get a sentence adjustment. Would you say the district court could then make fact findings about the other four? If the sentencing commission amended, made retroactive an amendment to the safety valve, then yes. Just like they did in Part B of Amendment 821. That's exactly what they did. So then a district court could have an evidentiary hearing, and that would not turn it into a plenary re-sentencing. Well, the district court can't obtain new evidence, and I think that is clear under 821, it's what 1B1.10 says. Even if the commission amended that provision and changed Factor A, some district courts would just have to say, I can't apply that retroactively because I'm not allowed to have an evidentiary hearing? Yes, I think that's exactly where we are with Part B of Amendment 821. I think that is a directly analogous situation. Part B, that applies to the zero-point offenders, says you get this reduction if none of this long list of ten factors is implicit in the case. Some of those factors are tied directly to a guideline, so it's just a checklist. Let me ask you, are you going along with the notion that if there's fact-finding necessary to implement a retroactive provision, the courts can do that? In this case, what if the defendant effectively argues that the safety valve is connected to the retroactive amendment, and to apply the safety valve, there needs to be fact-finding? You're saying that fact-finding is different from the fact-finding connected more directly with the amendment, but that depends on the nexus between the safety valve and the retroactive provision. If they're really closely connected, it seems to me the same principle of finding fact with respect to the one would justify finding some fact with respect to the other one. I mean, I have a big if there, that's the nexus, but... The entire authorization to reduce a sentence is based upon the authority first of the Sentencing Commission to order that reduction. I would think, and I think that actually the current amendments that are being proposed demonstrate that if one amendment is going to affect another amendment, that the Sentencing Commission will give instructions on how to do that, or say explicitly, this will also affect that other one. To say that the Sentencing Commission has given authorization under Part A of Amendment 821 to amend the sentencing valve determinations, to change them retroactively, goes far beyond what is written in 821, and it goes far beyond what is written in the policy statement in 1B1.10. Policy statement is clear. You just swap out the guidelines. But if you're taking multiple steps, going downstream and affecting things that go beyond mathematical calculations, or go beyond what is inherently necessary to determine if the amended guideline applies at all, then you're too far afield of what is authorized. So I think it was your colleague who called to our attention that Seventh Circuit case,  So you would ask, you think we should disagree with that? I think the Seventh Circuit case actually proves my point. I thought the Seventh Circuit said the exact opposite of what you just said. The Seventh Circuit says that you can engage in fact-finding. No, not about the fact-finding, about how to read this provision. To implicate any provision that in combination with the amended guideline establishes the guideline range. The safety valve provision was not applied here. It was not applied in combination with the amended guideline. So, the way I read that Seventh Circuit case, it's talking about literally when you look down the offense level column, does it change? Are you flipping switches on and off? If the drug weight is above this level, or if the drug weight is above a certain offense level, does the reduction under 3E for aggravated role switch on or off? Or does the grouping calculations change? And it's basically just like a switch. It's not going in and creating, finding, looking at the facts all over again to make a determination that was said. So this sentence, do you agree with this sentence? The policy statement does not instruct the court to ignore the effect of the amended guideline on other guidelines provisions that in combination produce the defendant's sentencing range. That is correct in your view? Yes. In combination with them. And 1B1.10 says the same thing, really. When it talks about the guidelines that affected the ultimate offense level, or the ultimate guideline range. I don't see how Coughlin helps your position. It seems to be that exactly, it's more complicated, a lot less complicated than it seems. It says clearly it changes in terms of what the range would be, in terms of the safety value, in terms of numbers, criminal history points, those kind of things. What fact finding do you really have to have? Is there really a dispute that she would, under now, 821, she would be eligible for that, correct? No, I don't think so. The record's not sufficiently developed. Well, the record is clear that she did cooperate, but the case law on safety valve provision is also clear that mere cooperation doesn't necessarily meet the safety valve standard of having truthfully told everything that she knows. The government was never asked that question. There's no answer in the record as to that question. A 5K was not granted. It seems like it was not, the government didn't move for a 5K because the case wasn't over yet but at the conclusion of the case, no motion was filed. The record is completely devoid of why that may have been. It could very well be that there was information they found out she was not being truthful for. I'm not suggesting, I simply don't know. Because you don't know from this record, it's also going to be clear you're not going to know from any other record because there was no incentive, there's no incentive in a normal case in which safety valve does not apply for the court to develop the record as to whether all of those safety valve provisions are met. Right, and it sounds like that's why you might need an evidentiary hearing. And then it comes back to the circle. It would require an evidentiary hearing but to answer the question, you would need additional evidence and all of this case law. Not all of it. I found the 2nd Circuit and the 8th Circuit both say like if you need to have an evidentiary hearing, that's fine. And they let you put in new evidence? Yeah. If you want, I can file a 28-J letter for you. Sorry, I should have brought them with me. I mean, I'm sorry, because I was looking for that. Yeah, I know, I know. And there's not long discussion, I want to be honest. It's United States v. Rios in the 2nd Circuit and United States v. Darden in the 8th. And they are hard to find. My poor law clerk spent a lot of time on this because there is not long discussion. It's just that, you know, that's the way they approach this. And I think one very important thing to remember is these cases don't have long discussion. But for the most part, they are all the drug quantity cases. With a few, I mean, there's the guideline grouping and there was a section of the aggravating role or minimizing role, whichever that affected it. But for the most part, it's drug weight. And so they're clear, they're trying to figure out does the amended drug weight table apply to this defendant or not. And so that's implicit. You can't, the courts realized immediately because of the way many district courts made drug weight findings and just found a range that we're going to have to figure out. Where in the range do they fall? And I think I, of course, trust your honor that two circuits said you can take more evidence, but many other circuits said no, you cannot take more evidence. You look only at what is on the record and if it's not proven in the record, then whichever party had the burden is stuck, right? Like if the government stipulated more than, the drug weight exceeds 1.5 kilograms back in 2006 and all of the subsequent drug weight tables raised the threshold and now you have to prove 8.4 or 12 point something grams, kilograms of crack cocaine. If the evidence was not in the record, it didn't matter what the government knew, you're stuck with the 1.5 kilograms. In a broad brush analysis, and I agree that isn't always useful, but sometimes a cosmic justice might be considered, in the broad brush analysis, the amendment basically changed the total sentencing ability, how much time this woman would spend in prison because flowing from that reduction from two to one were these consequences, I'm assuming that she would satisfy the safety valve. Now maybe she can't, you're raising some question about that, but let's assume she satisfies it. It seems to me in the big picture, giving retrospective effect to that, she would get a lower sentence. She's asking for what, 120? I think you're asking, 168, and she's asking for 120 or something, yeah. To just reduce it to one has one effect, but if it has a direct effect on the safety valve, giving her the benefit of that would give effect to the retrospective thing. Now the problem with my cosmic observation is that the sentencing commission restricted the scope of the changes that should be made, and just didn't want to open up and have all new sentencings based on a change to a finite position. We're somewhere in between those two things a little bit in this one because I think it all goes to the nexus between the change and the safety valve. Well, your honor, I would submit that the fact that the sentencing commission was silent as to potential effects on the safety valve, that it is equally plausible that they looked at the safety valve provision and said, well, this clearly requires facts finding that goes well beyond what is allowed by 1.10, and therefore there's no question the safety valve doesn't apply. Had they wanted it to be different, they would have said, and this is giving the court some instructions on what to look at to determine if those other provisions of the safety valve would kick in. I believe you started with a very key point that is not briefed because they did not ask for it, but what is the possible distinction between the provision in 2D1.1 and the actual safety valve provision? If you say that those criteria that the court can figure out after the fact, after the sentencing that those criteria apply and grant the two-level reduction, why would they also not be freed from the mandatory minimum under the terms of the guidelines? I don't see any distinction between the application of Section 5C1.2 and the application of Section 2D1.1B17, and I think that the reason that Ms. Barrett specifically doesn't ask for that is because it opens the door to a problem that the sentencing commission clearly would have taken on head-on, had that been the case. The sentencing commission clearly wants to circumscribe the consequences of its change, but sometimes that effort to circumscribe gets pretty murky, and that's what we've got today. Yes, it does. I would agree with that. Well, thank you so much.  We'll hear from Ms. Trotten. Thank you, Your Honor. A couple of points. There really is no factual dispute about Ms. Barrett's eligibility. This is what I was going to ask you about, because the government raised the question, for instance, that determining whether there's cooperation is not just a black-and-white switch. There's some assessment that has to be made on that, and that cannot be made based on what record we have. I disagree, Your Honor. I think the record amply supports that, and the reason is because, to go through it all, Ms. Barrett proffered first to the government, that's in the record, and then the government put her in front of a grand jury. So whatever she said in that proffer, they found credible enough and reliable enough that they put her in front of a grand jury to testify under oath for them. Her plea agreement, which is at JA 36, requires her to cooperate with the government, testify truthfully, answer all questions from the government when asked. There's no allegation that she violated the plea agreement. The government didn't come into her sentencing and say she didn't comply with the terms of the plea agreement. The government described the extent of her cooperation at sentencing, and they told the court that she proffered, and that she testified before the grand jury, and that the reason that they were not giving her a 5K right then was not because they disbelieved her testimony or found that it was incomplete, but because there were still defendants who had not yet pled guilty, and that the extent of her cooperation, the extent of her assistance to the government remained to be determined. She told the court in a fulsome statement in her pre-sentence report that she had provided all of the information that she had voluntarily, and that she had provided it all truthfully to the government. That's in the pre-sentence report, so the government had that prior to sentencing. They didn't dispute it. They didn't argue with it. They didn't say, Ms. Barrett cooperated, but we don't believe that she really told us everything she knows. Given that wealth of information, the district court doesn't need to hold an additional evidentiary hearing, because by a preponderance of the evidence, the court can find that she did show that she sufficiently debriefed. Oftentimes this is shown by a case agent testifying, but really it is the judge's determination, and the judge can decide this on the basis of the facts before the court. With respect to the question of whether there is a sufficient nexus, or what the relationship must be. I think that's what it comes down to, because the court didn't want re-sentencing. You can argue that re-sentencing is a consequence that would be appropriate. The court might look at it differently, mandatory minims and all kinds of other things, which give the court some authority. The commission didn't want to open up the sentence. I think they wanted to be a precise incision, arthroscopic surgery, just to substitute it in. If you substitute it in, you get one effect. If you substitute it in and get the direct connection to the safety valve, if that is strong enough, maybe that is also implicated. That's your argument. The government says not so. That's an additional step that is not necessary with the retroactive effect, and does lead to the possibility of fact-finding, which is something that the commission was not interested in. I think that's where the rub is in this case, myself. A couple of points, Your Honor. The government seems to be making the argument that defendants typically make in these cases, which is that all you do is you apply this one-to-one substitution, and you ignore all of the other effects that this substitution may have on the guideline range. Courts have consistently and roundly rejected that. This court has. Numerous other circuits have. The court in Coughlin did. I think that that is clear, that it's not a one-to-one substitution. The other reason that we know that is because of what both 3582C2, so the authorizing statute, and 1B110 say, which is that you are looking at the guideline range. So you are looking at the end product. You're not looking at just the guideline. In order to calculate the guidelines, you have to look at the end product. And I see my time is up. Thank you. Thank you very much. We'll adjourn court for the day and come down and greet counsel.
judges: Paul V. Niemeyer, Roger L. Gregory, Pamela A. Harris